**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| KELVIN L. SHORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:08-cv-105-SEB-JMS |
| | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion For Summary Judgment**

After a series of interviews, Kelvin Shorter ("Shorter") was hired by the Indianapolis Department of Public Works, Fleet Services Division ("the IFS") to fulfill the position of Heavy Equipment Repair Technician. He began work on April 2, 2007, starting a 6-month period of probation. One week after starting work, he took two days off without pay to complete his move from Louisville to Indianapolis. During the first three months of his probationary period, Shorter failed to perform his duties as expected and his employment was terminated on July 13, 2007.

Shorter brought this lawsuit contending that the termination of his employment was based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. IFS seeks resolution of Shorter's claim through the entry of summary judgment.

*Summary Judgment Standard.* Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[1] A "material fact" is one that "might affect the outcome of the suit." [2] A dispute is genuine only if a reasonable jury could find for the non-moving party.[3] If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute.[4]

---

[1] FED. R. CIV. P. Rule 56(c).

[2] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

[3] *Id.*

[4] *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

Shorter failed to respond to the motion for summary judgment. Accordingly, the factual assertions on which that motion is based which are properly supported by the evidentiary record are accepted as true for the purpose of resolving that motion.[5] By not responding to the motion for summary judgment, Shorter has conceded the defendant's version of the facts.[6] This is the result of Local Rule 56.1(h), of which Shorter was notified. (See dkt 21). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn.[7]

To the extent that Shorter intended for his answers to the defendant's request for admissions (dkt 22) to serve as his response to the motion for summary judgment that submission is inadequate. The effect of Shorter's answers is to establish factual matters.[8] Shorter was asked to admit that the defendant did not terminate him because of his race. Shorter responded "I feel it wasn't race, although I was only black on 2nd shift." See Request No. 10, Dkt 22. He also admits that he does not have any evidence to show that the defendant's decision to terminate his employment was based on or motivated in any way by race or that the defendant violated Title VII of the Civil Rights Act of 1964. Request Nos. 14 and 15.

When deciding a motion for summary judgment, the court considers those facts that are undisputed and views additional evidence, and all reasonable inferences drawn therefrom, in the light reasonably most favorable to the non-moving party.[9] "[B]ecause summary judgment is not a paper trial, the district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe."[10] The court's only task is "to decide, based on the evidence of record, whether

---

[5] *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994).

[6] *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997).

[7] *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

[8] See, e.g., *Kohler v. Leslie Hindman, Inc.,* 80 F.3d 1181, 1185 (7th Cir. 1996)("When a party in a lawsuit makes an admission in its pleadings or in its answer to a request for admissions, it makes a judicial admission that can determine the outcome of that lawsuit." (citing Fed.R.Civ.P. 36(b))); *Keller v. United States,* 58 F.3d 1194, 1199 n.8 (7th Cir. 1995) ("Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal . . . . [They] have the effect of withdrawing a fact from contention." (quotations omitted)).

[9] See Fed.R.Civ.P. 56(c); *Anderson,* 477 U.S. at 255; *Baron v. City of Highland Park,* 195 F.3d 333, 338 (7th Cir. 1999).

[10] *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994).

2

there is any material dispute of fact that requires a trial."[11] The facts set forth in this Entry therefore do not necessarily reflect reality, but instead reflect the evidence properly before the court in light of the summary judgment standard.

*Discussion.* Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against individuals on the basis of "race, color, religion, sex, or national origin."[12] "It is well-established that a plaintiff in a Title VII case may proceed under a direct or indirect method of proof."[13] Because Shorter has come forward with no direct evidence of discrimination,[14] the motion for summary judgment is assessed under the burden-shifting methodology established in *McDonnell Douglas Corp. v. Green.*[15] To successfully set forth a *prima facie* case of racial discrimination, Shorter must show that: 1) he is a member of a protected class; 2) he was meeting his employer's legitimate performance expectations; 3) he suffered an adverse employment action; and 4) other similarly situated employees who were not members of the protected class were treated more favorably.[16]

"The objective of the indirect method is to assess whether the plaintiff's race, or gender, or other protected characteristic, affected the employment action in question."[17]

---

[11] *Id.*

[12] 42 U.S.C. § 2000e-2(a).

[13] *Butts v. Aurora Health Care*, 387 F.3d 921, 924 (7th Cir. 2004) (citing *Mateu-Anderegg v. School Dist.,* 304 F.3d 618, 623 (7th Cir. 2002)); *see also Stone v. City of Indianapolis Public Util. Div.*, 281 F.3d 640, 644 (7th Cir. 2002).

[14] Under the direct method, Shorter must present evidence that the IFS was motivated to terminate his employment because of his race. *See Cerutti v. BASF Corp.,* 349 F.3d 1055, 1061 (7th Cir. 2003). That evidence can be direct or circumstantial (i.e., the "convincing mosaic" route). *See Phelan v. Cook County,* 463 F.3d 773, 779-80 (7th Cir. 2006); *Troupe v. May Department Stores Co.,* 20 F.3d 734, 736-37 (7th Cir. 1994). Shorter has not presented any direct evidence of racial discrimination.

[15] 411 U.S. 792 (1973). In *McDonnell Douglas,* the Supreme Court "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory treatment cases." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506 (1993). The test consists of three steps. First, the plaintiff must establish a *prima facie* case of discrimination. Second, once the *prima facie* case is established, the defendant must state a legitimate, non-discriminatory reason for the adverse employment action. Finally, if a legitimate, non-discriminatory reason is offered, the plaintiff must come forward with evidence to show that the stated reason is not the true one, but only a pretext for discrimination. *See McDonnell Douglas,* 411 U.S. at 802-04; *DeLoach v. Infinity Broadcasting,* 164 F.3d 398, 401 (7th Cir. 1999).

[16] *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007)(citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142 (2000)).

[17] *Gore v. Indiana University,* 416 F.3d 590, 593 (7th Cir. 2005).

With respect to Shorter's claim of discrimination, the *McDonnell Douglas* analysis yields the following:

> !   Shorter is a member of a protected class based on his race, African-American, and his employment was terminated. These facts satisfy the first and third elements of a *prima facie* case.
>
> !   As for the second prong of the *prima facie* case, during his 3-month employment with the IFS, Shorter had numerous incidents of failing to comply with the IFS overall work performance policies. These included incidents in which he used excessive labor hours on repairs, failed to improve repair time and failed to comply with overall work performance policies of IFS. These circumstances show that Shorter was not meeting IFS legitimate expectations and this, in turn, shows that Shorter has failed to meet the second element of a *prima facie* case.
>
> !   There has been a complete failure of evidence as to the fourth element of a *prima facie* case of discrimination.[18] Shorter has not shown that a similarly situated non-minority employee was treated more favorably than was Shorter himself. Specifically, he has not identified a non-minority employee whose employment was allowed to continue after having the nature and extent of performance dysfunction which characterized his own brief 3-month employment. A similarly situated employee is one who is "directly comparable [to the plaintiff] in all material aspects."[19]

As shown by the foregoing, Shorter has failed to come forward with the second and fourth elements of a *prima facie* case. "Without a *prima facie* case, the plaintiff cannot withstand summary judgment."[20]

Even if the court concluded otherwise with respect to the existence of a *prima facie* case here, the IFS has shown that the decision to terminate Shorter's employment was based on a legitimate, nondiscriminatory reason. That reason was his deficient and unsatisfactory performance. Poor performance is unquestionably a legitimate reason for termination.[21] Shorter has not shown that this reason was a pretext. Pretext means "a lie,

---

[18] *Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 733 (7th Cir. 2004).

[19] *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir. 2002). When determining whether employees are similarly situated, courts consider whether the employees 1) had the same job description; 2) were subject to the same standards; 3) were subject to the same supervisor; and 4) had comparable experience, education, and other qualifications. *Bio v. Fed. Express Corp.,* 424 F.3d 593, 597 (7th Cir. 2005).

[20] *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1261 (7th Cir. 1993)(citing *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1250 (7th Cir. 1990)).

[21] *See, e.g., Abioye v. Sundstrand Corp.,* 164 F.3d 364, 368 (7th Cir. 1998), *cert. denied,* 119 S. Ct. 2337 (1999).

specifically a phony reason for some action." At this final stage of the *McDonnell Douglas* burden-shifting analysis, therefore, Shorter points to nothing which reasonably suggests that the reasons offered by the IFS for terminating his employment were lies to cover up discrimination based on his race.

*Conclusion.* "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'"[22] As explained herein, Shorter has not come forward with evidence that establishes a *prima facie* case as to his claim. Even if he had, he has not shown that the IFS's proferred reason for his termination was pretextual. Accordingly, the motion for summary judgment (dkt 15 ) must be **granted.** Judgment consistent with this Entry shall now issue. The costs of this action are assessed against the plaintiff.

**IT IS SO ORDERED.**

Date: 09/24/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[22] *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).